IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRITTANY GOLDSMITH,** on behalf of herself and others similarly situated, | CASE NO. 2:20-cv-3989 |
| Plaintiff, | JUDGE EDMUND A. SARGUS JR. |
| vs. | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| **REAL SOLUTIONS REALTY COMPANY, LLC,** | |
| Defendant. | |

**JOINT MOTION FOR FLSA SETTLEMENT APPROVAL PURSUANT TO 29 U.S.C. § 216(b)**

Plaintiff Brittany Goldsmith ("Plaintiff") on behalf of herself and Opt-in Plaintiff Melanie Warner ("Opt-In Plaintiff) (collectively "Plaintiffs"), and Defendant Real Solutions Realty Company ("Defendant"), move for an Entry of an Order approving the settlement agreement between Plaintiff and Defendant in this conditionally certified Fair Labor Standards Act ("FLSA") collective action.  (Exhibit 1-Settlement Agreement and Release ("Settlement Agreement") filed in this case.

**STATEMENT OF FACTS AND PROCEEDINGS**

    **I.**    **Summary of the Nature of the Case**

This is a conditionally certified collective action alleging an unpaid overtime dispute that Defendant failed to pay overtime compensation for certain overtime hours worked. Plaintiff alleges that Defendant failed to pay all required overtime wages and as a result owes back pay, damages, and interest under the Fair Labor Standards Act ("FLSA") and, also owes back pay, damages, and/or interest under the Ohio Minimum Fair Wage Standards Act. Defendant raised various defenses to Plaintiff's claims.

1

Plaintiff filed her Complaint against Defendant on behalf of herself and all other current or former hourly employees on August 6, 2020. Defendant disputes Plaintiff's allegations and denies that Defendant's pay practices violate any laws.

Plaintiff and Defendant stipulated to conditional certification, and upon the parties' joint motion for conditional certification, this Court conditionally certified an FLSA collective of all current and former hourly, non-exempt employees who reported 40 or more hours worked in any workweek during the period of December 10, 2017 to the present ("Potential Opt-In Plaintiffs"). One Potential Opt-In Plaintiff returned a signed consent form to join this action as an Opt-In Plaintiff, namely, Melanie Warner (collectively Plaintiff and Opt-In Plaintiff Melanie Warner referred to as the "Plaintiffs").

Defendant produced Plaintiffs' payroll and timekeeping records. The parties used this data to create a damages analysis and engage in settlement negotiations. After settlement negotiations, the parties were able to reach a settlement and memorialized those terms in a Settlement Agreement and Release.

## II. Summary of the Settlement

This case involves the settlement of collective opt-in FLSA and Ohio state wage law claims, among others. Under Sixth Circuit law, Plaintiffs opted-in not only to the FLSA collective action claims, but also to the Ohio supplemental state law claim pled in the Complaint as to opt-ins who performed work within the State of Ohio without receiving Ohio-required overtime compensation and all other benefits and payments required by Ohio's wage and hour laws. *See Barnett v. E-Waste Sys.*, No. 1:14-cv-908, 2015 U.S. Dist. LEXIS 50997, at *6-7 (S.D. Ohio Apr. 17, 2015) (citing *O'Brien*, 575 F.3d at 580) ("an opt-in employee with FLSA and supplemental claims can have both of those claims certified as part of a collective action where a lead plaintiff

has FLSA and supplemental claims."). In *O'Brien*, the Sixth Circuit recognized that plaintiffs should be permitted to use the notice and opt in procedure of the FLSA for their companion state law claims. Thus, "an opt-in employee with FLSA and supplemental [state law] claims can have both of those claims certified as part of a collective action where a lead plaintiff has FLSA and supplemental [state law] claims." *O'Brien*, 575 F.3d at 580; *accord Yerby v. Mike's Tire, Brake & Muffler, Inc.*, No. 4:12-cv-19, 2013 U.S. Dist. LEXIS 193141, at *6 (E.D. Tenn. May 22, 2013). Thus, the Opt-In Plaintiffs who worked for Defendant in Ohio have joined and asserted the supplemental Ohio state law claim by opting into the litigation, and Rule 23 certification is not required for them to have asserted supplemental state law claims under *O'Brien*.

Under the settlement, Defendant agreed to a collective, non-reversionary settlement in the amount of Eighteen Thousand Sixty-Two and 62/00 Dollars ($18,062.62) in exchange for release to FLSA and state law claims pled or that could have been pled by Plaintiff.  In addition to (not by deduction from) the Settlement Amount, Defendant agreed to pay the employer's share of payroll taxes owed on the wages portion of the settlement payments, further increasing the settlement's monetary value beyond the figures stated in the Settlement Agreement. *Id.*

The total settlement will be paid as set forth in the Settlement Agreement.  (Exhibit 1, ¶ 1).

The settlement, if approved as submitted, provides for a net sum value to be paid to the Plaintiffs based on their respective damages owed.

One-half of the settlement payments to the Plaintiffs constitutes payment for settlement of their wage claims reported by IRS Form W-2 (and therefore are subject to standard deductions and withholdings), and one-half constitutes payment of non-wages for settlement of their liquidated damages and interest claims reported by IRS Form 1099. (Exhibit 1, ¶ 1 (c) and (d)).

3

Defendant agreed to pay, Plaintiff's counsel agreed to accept, and the Parties agreed to allocate in the Settlement Agreement, Plaintiffs' attorney's fees of Thirteen Thousand Dollars ($13,000.00), and an additional amount of Four Hundred and Two Dollars ($402.00) as reimbursement to Plaintiffs' counsel for advanced litigation costs and expenses.[1] (Exhibit 1, ¶ 1 (a) and (b)).

Finally, the Settlement Agreement provides for entry of stipulated dismissal of the Lawsuit to be entered upon notification to the Court that Defendant timely completed the payment plan without uncured default; however, the parties request that the Court retain jurisdiction over any disputes that may arise under this Agreement, such that the Court may entertain further proceedings, enter orders, and issue such writs as the Court may deem necessary or advisable. (Exhibit 1, ¶ 4)

## ARGUMENT AND CITATION OF AUTHORITIES

### I. The Settlement Is a Reasonable Compromise of Disputed FLSA Claims.

When parties bring a proposed settlement of an FLSA claim for court approval, that court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See, e.g., Burcham v. Taubra Corp.*, No. 3:17-cv-168, 2018 U.S. Dist. LEXIS 135987, at *2 (S.D. Ohio Aug. 13, 2018) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982)). A settlement of FLSA litigation "is valid only if the district court enter[s] a 'stipulated judgment' approving it. *Lynn's Food*, 679 F.2d at 1352-54." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013). If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back

---

[1] *See* **Exhibit 2**- Declaration of Adam C. Gedling (hereinafter referred to as "Gedling Decl."), ¶¶25-27.

4

wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food,* at 1354.

Although not required for settlement of a FLSA opt-in collective action, courts in this district often consider the analogous (though more strenuous) factors governing a reasonableness inquiry for Rule 23 class actions. *See, e.g., Hamm v. S. Ohio Med. Ctr.*, No. 1:16-cv-935, 2017 U.S. Dist. LEXIS 189838, at *4 (S.D. Ohio Nov. 16, 2017) (applying the Sixth Circuit's Rule 23 reasonableness factors in determining whether a FLSA settlement is fair and reasonable, as follows: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement) (citing *Int'l Union, United Auto, Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). The Court may choose to consider only those factors it considers relevant to the settlement at hand, and often, "inquiry into one factor necessarily overlaps with inquiry into another." *In re Cincinnati Policing*, 209 F.R.D. 395, 400 (S.D. Ohio 2002). The Court is not required to determine if the settlement is the fairest possible resolution of the claims of each plaintiff, but rather whether the settlement taken as a whole is fair, adequate, and reasonable. *UAW v. General Motors Corp.*, 2006 U.S. Dist. LEXIS 14890, 2006 WL 89115 at *15 (E.D. Mich. March 31, 2006), *aff'd* 497 F.3d 615 (6th Cir. 2007).

### A. There is no Evidence of Fraud or Collusion, and the Agreement Reflects the Complexity of the Dispute and Potential Risks of Litigation.

The circumstances present in the instant action justify the Court's approval of the Parties' settlement to resolve and release Plaintiffs' FLSA and individual Ohio wage claims against Defendant, including, but not limited to, (1) Defendant's contention that Plaintiffs were properly

5

paid for all hours worked; (2) the Parties' dispute as to whether Plaintiffs' claims would survive a decertification motion under the FLSA; (3) the Parties' dispute as to the number of hours worked by Plaintiffs in overtime workweeks; and (4) Defendant's belief that any potential damages are not ascertainable without an individualized inquiry regarding every individual class member. Therefore, there is a *bona fide* dispute between the Parties, and the settlement should be approved as reasonable in light of the "'real risk of complete non-recovery' if the action were to proceed to trial." *Indirect Purchaser v. Arctic Glacier, Inc. (In re Packaged Ice Antitrust Litig.)*, No. 17-2137, 2018 U.S. App. LEXIS 13882, at *14 (6th Cir. May 24, 2018).

Nonetheless, the Parties have considered the relative strengths and weaknesses of their claims and defenses, the uncertainties and risks inherent in continued litigation, and the benefits of settlement. It is therefore submitted that the proposed settlement was not the product of collusion and that the facts and legal issues involved are sufficiently complex and disputed such that resolution at this stage is in the interest of all Parties. *See Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, *6 (N.D. Ohio Mar. 26, 2019).

### B. Counsel Agrees that the Financial Terms of the Settlement Reflect a Fair and Reasonable Compromise of Plaintiffs' Wage Claims.

Pursuant to the terms of the Settlement Agreement, which are described in Exhibit 1, if approved, Defendant will pay Plaintiffs a total sum which includes 100% of each Plaintiff's alleged damages fully liquidated, and all Court-approved attorney's fees and costs ("Net Fund Value"). *See* Exhibit. 2- Gedling Decl. ¶21. In exchange for the settlement payments, Plaintiffs will release any and all wages and hour claims under the FLSA or Ohio law.

Thus, Plaintiffs submit, and Plaintiffs' undersigned counsel agrees that the settlement payments and terms constitute a fair and reasonable resolution of Plaintiffs' wage claims. *Id*. (*see, e.g., Graybill v. Petta Enters., LLC*, No. 2:17-cv-418, 2018 U.S. Dist. LEXIS 164152, at *17 (S.D.

Ohio Sep. 25, 2018) (courts may defer to the judgment of counsel and give great weight to the opinion of experienced counsel that the settlement is in the best interest of the participants) (compiling cases).

### C. The Court Should Approve Plaintiffs' Counsel's Fees and Costs Payment Amounts As Reasonable Under the Circumstances.

1. **The Agreed-Upon Payment of Attorney's Fees is Reasonable.**

Under 29 U.S.C. § 216(b), an award of payment of Plaintiffs' attorney's fees and advanced costs is mandatory for prevailing plaintiffs in FLSA cases. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The Supreme Court has held that a party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). Plaintiffs achieve "prevailing party" status by obtaining a settlement of FLSA claims approved by Court order or entry of stipulated judgment. *See, e.g., Wolff v. Royal Am. Mgmt.*, 545 F. App'x 791, 793 (11th Cir. 2013) (FLSA plaintiff is a prevailing party upon obtaining a settlement enforced by court approval order or judgment as the functional equivalent of a "consent decree") (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 603-604 (2001)); *Mandour v. Newman Tech., Inc.*, No. 1:13 CV 1222, 2014 U.S. Dist. LEXIS 89364, at *3 (N.D. Ohio June 30, 2014) (plaintiff obtaining court-approved settlement of FLSA claims is deemed a "prevailing party" for purposes of the FLSA's mandatory attorney's fees provision). Here, Plaintiffs stand to recover a favorable settlement payment that includes all of their alleged damages, and Plaintiffs' counsel's requested fees are reasonable and justified.

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an

7

FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Funk v. Airstream, Inc.*, No. 3:17-cv-260, 2019 WL 4599816 at *5-7 (S.D. Ohio Sept. 23, 2019) (Rice, J) (rejecting an employer's argument that fees must be proportional to recovery and awarding $164,927.50 in attorney fees where $22,338 was recovered); *Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[2]

---

[2] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but

As set forth above, Defendant has agreed after lengthy negotiations to pay a reasonable amount to Plaintiff's counsel for their fees and costs as provided in the Settlement Agreement submitted to the Court. *See* Exhibit 2- Gedling Decl. ¶27 The Parties agree that the amount of the attorney's fees and costs to be paid to Plaintiff's counsel is reasonable, to wit, $13,000.00 which is less than Plaintiffs' counsel's lodestar of approximately $16,065.00. The parties further agree that the hourly rates of Plaintiffs' counsel's attorneys, to wit, $450.00 per hour for attorney Matthew J.P. Coffman and $350.00 per hour for attorney Adam C. Gedling[3]. Defendant's payment of attorney fees and costs is in addition to, as opposed to a percentage of, Plaintiffs' settlement award. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

## 2. **Payment of Counsel's Advanced and Incurred Costs and Expenses is Reasonable**

---

were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare,* 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000; *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

3 These are the current hourly rates of Plaintiffs' counsel; however, the rates used to calculate the lodestar in this matter are $375.00 per hour for attorney Matthew Coffman and $300.00 per hour for attorney Adam Gedling.

Under the common fund doctrine, Plaintiffs' Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement. *Brandenburg,* 2019 U.S. Dist. LEXIS 204371, * at 20 (*citing In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003)). Expense awards are customary when litigants have created a common settlement fund for the benefit of a class. *Id.* Although Plaintiffs' Counsel's costs were $661.34, they have agreed to accept $402.00 to ensure that Plaintiffs receive their maximum damages. *See* Exhibit 2- Gedling Decl. ¶26.

## CONCLUSION

For the reasons set forth above, the parties respectfully request that this Court enter the attached proposed Order (Exhibit 3) approving the settlement in all respects as set forth in the Settlement Agreement and incorporating its terms, closing the case with the Court retaining jurisdiction over any disputes that may arise under this Agreement, such that the Court may entertain further proceedings, enter orders, and issue such writs as the Court may deem necessary or advisable, until entry of stipulated dismissal of the Lawsuit upon notification to the Court that Defendant timely completed the payment plan without uncured default.

Respectfully submitted,

| | |
|---|---|
| /s/ Adam C. Gedling | /s/ Alex S. Rodger |
| Matthew J.P. Coffman, Esq. (0085586) | Alex S. Rodger (0089525) |
| mcoffman@mcoffmanlegal.com | asrodger@strausstroy.com |
| Adam C. Gedling, Esq. (0085256) | STRAUSS TROY CO., LPA |
| agedling@mcoffmanlegal.com | 150 East Fourth St., 4th Floor |
| COFFMAN LEGAL, LLC | Cincinnati, OH 45202 |
| 1550 Old Henderson Road, Suite 126 | 513-621-2120 (p) |
| Columbus. OH 43220 | 513-629-9426 (f) |
| 614-949-1181 (p) | |
| 614-386-9964 (f) | Counsel for Defendant |
| | Real Solutions Realty Company, LLC |

10

Counsel for Plaintiff Brittany Goldsmith,
On behalf of herself and others
similarly situated

## CERTIFICATE OF SERVICE

 I hereby certify that on this 22nd day of April 2022, a true and accurate copy of the forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                /s/ *Adam C. Gedling*
                Adam C. Gedling