UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRITTANY GOLDSMITH, on behalf of herself and others similarly situated,**

      **Plaintiff,**

v.

**REAL SOLUTIONS REALTY COMPANY, LLC,**

      **Defendant.**

Case No. 2:20-cv-3989
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A Jolson

**OPINION AND ORDER GRANTING APPROVAL OF**
**FLSA COLLECTIVE ACTION SETTLEMENT**

This matter is before the Court on the parties' Joint Motion for Approval of FLSA Settlement (ECF No. 24). For the following reasons, the motion is **GRANTED**.

**I.**

Plaintiff Brittany Goldsmith initiated this action on August 6, 2020, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and Ohio wage and hour law. (*See generally* Compl., ECF No. 1.) Plaintiff worked for Defendant as an Office Coordinator on an hourly basis in 2015, 2016, and from 2018 to present. (*Id.* ¶ 5.) She claims that she regularly worked more than forty hours per week but Defendant did not pay her or others for any time worked in excess of forty hours. (*Id.* ¶ 8.) On April 22, 2022, the parties filed this joint motion for settlement approval. (Joint Mot. Settlement Approval, ECF No. 24, hereinafter "Joint Mot.")

**II.**

"An employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Vigna v. Emery Fed. Credit*

1

*Union*, No. 1:15-CV-51, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016). "Thus, the proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id.* (internal citation omitted). "If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement in order to promote the policy of settlement of litigation." *Id.* (internal citation omitted).

### III.

#### A. Proposed Settlement

In the Settlement Agreement, Defendant agrees to pay Representative Plaintiff, Brittany Goldsmith, $ 2,475.00, and Opt-In Plaintiff, Melanie Warner, $2,185.62. (Settlement Agreement, ECF No. 24, Ex. 1.) In addition to the settlement amount, Defendant agrees to pay the employer's share of payroll taxes owed on the wages portion of the settlement payments, further increasing the settlement's monetary value beyond the figures stated in the Settlement Agreement. (*Id.* ¶ 1.) One-half of the settlement payments to the Plaintiffs constitutes payment for settlement of their wage claims reported by IRS Form W-2 (and therefore are subject to standard deductions and withholdings), and one-half constitutes payment of non-wages for settlement of their liquidated damages and interest claims reported by IRS Form 1099. (*Id.* ¶ 1 (c) and (d).) In exchange for these payments, Plaintiffs agree to dismiss their claims in this lawsuit against Defendant with prejudice. (*Id.* ¶ 1).

"The Sixth Circuit has identified the following seven factors a court may consider in determining whether the settlement of FLSA claims is 'fair and reasonable:' (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of

2

discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement." *Snide v. Disc. Drug Mart, Inc.*, No. 1L11CV244, 2013 U.S. Dist. LEXIS 40078, at *3–4 (N.D. Ohio Feb. 27, 2013) (internal citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Chime v. Fam. Life Counseling & Psychiatric Servs.*, No. 1:19CV2513, 2020 WL 6746511, at *3 (N.D. Ohio Nov. 17, 2020) (citing *Gentrup v. Renovo Services*, 2011 WL 2532922, at * 3 (S.D. Ohio June 24, 2011).).

After careful review of the proposed settlement and weighing the applicable factors, the Court agrees with the parties that the terms of the settlement are fair and reasonable. There is no evidence of fraud or collusion in this case. *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006) ("Courts presume the absence of fraud or collusion unless there is evidence to the contrary."). Denying the settlement would lead to unnecessary and expensive discovery. There is also strong preference for settlements in FLSA cases. *See Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) ("If a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues', such as FLSA coverage and/or computation of back wages that are 'actually in dispute,' the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'").

### B. Attorney Fees and Litigation Costs

When an employer is found liable under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs to the action." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-CV-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020) (citing 29 U.S.C. § 216(b)).

Defendant agrees to pay Plaintiff's counsel attorney's fees of $13,000.00, and an additional amount of $402.00 for advanced litigation costs and expenses. (ECF No. 24, Ex. 1, ¶ 1 (a) and (b).) The Court finds that the attorney fees and costs of litigation are reasonable and approves the proposed distribution of attorney fees and litigation expenses.

### IV.

For the foregoing reasons, the Court **GRANTS** the parties' Joint Motion for Approval of FLSA Settlement (ECF No. 24) and **APPROVES** the Settlement Agreement (ECF No. 24-1), including the requested attorney fees and costs. This case is **DISMISSED WITH PREJUDICE**. The Court shall retain jurisdiction over this matter for the purpose of enforcing the Settlement Agreement. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**5/9/2022**                                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                                           **EDMUND A. SARGUS, JR.**
                                                                   **UNITED STATES DISTRICT JUDGE**